Jeffrey J. Greenbaum, Esq.
jgreenbaum@sillscummis.com
Michael J. Pisko, Esq.
mpisko@sillscummis.com
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Crown Imports LLC, | : |
| | : Civil Action No. |
| Plaintiff, | : |
| | : Hon. _____ |
| v. | : |
| | : |
| R.R. Importaciones, Inc., James Martinez, | : **COMPLAINT AND** |
| and John Does 1-10, | : **DEMAND FOR JURY TRIAL** |
| | : |
| Defendants. | : |
| | : |

Plaintiff, Crown Imports LLC ("Crown"), residing at 1 S. Dearborn St., Ste. 1700,

Chicago, Illinois, complains against Defendants, R.R. Importaciones, Inc. ("RR Importaciones"),

a New Jersey corporation with its principal place of business at 141-143 3rd Street, Passaic, New

Jersey, James Martinez ("Martinez"), residing at 62 1st Street, Passaic, New Jersey, and John

Does 1-10 (the "Doe Defendants," and together with RR Importaciones and Martinez, the

"Defendants"), as follows:

**Nature of the Case**

1.      This is a case about Defendants' unauthorized importing, marketing, supplying,

and selling of beer not intended for sale in United States of America and their infringement of

trademarks and copyrights in connection with those activities.

2.      Crown holds the exclusive rights to import, market, and supply VICTORIA beer and CERVEZA BARRILITO beer in the United States, and is the exclusive licensee of the VICTORIA and CERVEZA BARRILITO trademarks and copyrights in the United States.

3.      Without authorization, Defendants have imported VICTORIA beer not intended for sale in the United States and created product labels using the VICTORIA and CERVEZA BARRILITO trademarks and copyrights to falsely obtain government approval for their unauthorized imports and to market and sell such products in this District and elsewhere in the United States.

## Parties

4.      Plaintiff, Crown Imports LLC, is a Delaware limited liability company. Crown Imports has its principal place of business at 1 S. Dearborn St., Ste. 1700, Chicago, Illinois.

5.      On information and belief, Defendant R.R. Importaciones, Inc. is a New Jersey corporation.  RR Importaciones has its principal place of business at 141-143 3rd Street, Passaic, New Jersey.

6.      On information and belief, Defendant James Martinez is an individual residing at 62 1st Street, Passaic, New Jersey.  Martinez is the President of RR Importaciones.  Martinez controls and directs the actions of RR Importaciones.

7.      On information and belief, John Does 1-10 are individuals and business entities who have participated or assisted in the conduct alleged in this Complaint or are otherwise responsible for such conduct.  The identity of these Doe Defendants presently is not and cannot be known to Crown, but these persons or entities will be added as named defendants to this action as and when they are identified.

**Jurisdiction and Venue**

8.      Crown's claims arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, Title 56 of the New Jersey Statutes, and New Jersey common law.

9.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

10.     This Court has personal jurisdiction over Defendants as they are residents of the State of New Jersey and the actions complained of in this Complaint took place in the State of New Jersey.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

**Facts**

**I.      Crown's Exclusive Rights Pursuant to the Rights Agreement.**

12.     Modelo MKT de México, S. de R.L. de C.V. ("Modelo"), a Mexican limited liability company, owns the trademarks, logos, imagery, and copyrights associated with VICTORIA beer and CERVEZA BARRILITO beer.

13.     Pursuant to a written agreement (the "Rights Agreement"), Crown has the exclusive license to use the trademarks, logos, imagery, and copyrights associated with VICTORIA beer and CERVEZA BARRILITO beer in the United States.

14.     Pursuant to the Rights Agreement, Crown has the exclusive right to import, supply, and market VICTORIA beer and CERVEZA BARRILITO beer in the United States.

15.     The Rights Agreement obligates Crown to ensure that the CERVEZA BARRILITO beer and VICTORIA beer that Crown imports, supplies, and markets in the United States meets or exceeds specified quality and safety standards and that the

3

VICTORIA marks and CERVEZA BARRILTO marks are used in accordance with the terms of the Rights Agreement.

**II.      The VICTORIA Trademarks and Copyrights.**

16.     Crown is the exclusive licensee in the United States of the trademark VICTORIA, a distinctive depiction of a king, distinctive depictions of coins, and a distinctive label design (the "VICTORIA marks") in connection with beer, including as shown below:



17.     Crown is the exclusive licensee in the United States of the following trademark registrations issued by the United States Patent and Trademark Office ("USPTO") used in connection with VICTORIA beer:

| Mark | Registration Number | Registration Date | Goods |
|---|---|---|---|
| | 4146767 | May 22, 2012 | Beer |
| | 4146768 | May 22, 2012 | Beer |

| Mark | Registration Number | Registration Date | Goods |
|------|---------------------|-------------------|-------|
|  | 4146769 | May 22, 2012 | Beer |

These registrations are valid and subsisting and constitute prima facie evidence of the validity of the registered marks and the exclusive right to use the registered marks for beer. 15 U.S.C. § 1115(a).  True and correct copies of the registrations from the USPTO are attached to this Complaint as Exhibit A.

18.      Crown is the exclusive licensee in the United States of the copyright in the label for VICTORIA beer shown below (the "VICTORIA copyright").  The copyright is owned by Modelo in Mexico and pursuant to the Berne Convention is subject to protection in the United States without registration.

19.      Since long prior to the acts of Defendants complained of herein, Crown and its predecessors-in-interest have made continuous use of the VICTORIA marks in connection with the importing, marketing, and supplying of VICTORIA beer in the United States.

20.     Crown and its predecessors-in-interest have imported and sold millions of cases of VICTORIA beer under the VICTORIA marks and using the VICTORIA copyright throughout the United States and have spent millions of dollars to advertise and to promote VICTORIA beer under the VICTORIA marks.

21.     The authorized sales, promotion, and advertising of VICTORIA beer under the VICTORIA marks have caused the VICTORIA marks to become well-known among consumers.

22.     The VICTORIA marks possess extraordinarily valuable goodwill.

### III.    The CERVEZA BARRILITO Trademarks and Copyrights.

23.     Crown is the exclusive licensee in the United States of the trademark CERVEZA BARRILITO and a distinctive logo featuring the words CERVEZA BARRILITO and a barrel on its side with wheat stalks (the "CERVEZA BARRILITO marks") in connection with beer, including as shown below:



24.     Crown is the exclusive licensee in the United States of the following trademark registration issued by the USPTO used in connection with CERVEZA BARRILITO beer:

| Mark | Registration No. | Registration Date | Goods |
|------|-----------------|-------------------|-------|
|  | 5151670 | February 28, 2017 | Beer |

This registration is valid and subsisting and constitutes prima facie evidence of the validity of the registered mark and the exclusive right to use the registered mark for beer.  15 U.S.C. § 1115(a).  A true and correct copy of the registration from the USPTO is attached to this Complaint as Exhibit B.

      25.     Crown is the exclusive licensee in the United States of the copyright in the label for CERVEZA BARRILITO beer shown below which features the stylized words CERVEZA BARRILITO with an oval and the depiction of a barrel on its side with wheat stalks (the "CERVEZA BARRILITO copyright").  The copyright is owned by Modelo in Mexico and pursuant to the Berne Convention is subject to protection in the United States without registration.



26.     Since long prior to the acts of Defendants complained of herein, Crown has made continuous use of CERVEZA BARRILITO marks in connection with the importing, marketing, and supplying of CERVEZA BARRILITO beer in the United States.

27.     Crown has imported and sold CERVEZA BARRILITO beer under the CERVEZA BARRILITO marks and featuring the CERVEZA BARRILITO copyright in interstate commerce in the United States and has promoted CERVEZA BARRILITO beer under the CERVEZA BARRILITO marks.

28.     The authorized sales, promotion, and advertising of CERVEZA BARRILITO beer under the CERVEZA BARRILITO marks have caused the CERVEZA BARRILITO marks to become well-known among consumers.

29.     The CERVEZA BARRILITO marks possess extraordinarily valuable goodwill.

**IV.**     **Defendants' Unlawful Importation and Infringement.**

30.     Upon information and belief, Defendants have imported into the United States beer manufactured in Mexico and meant for sale in Mexico bearing the VICTORIA marks and the VICTORIA copyright ("Unauthorized Product") and sold the Unauthorized Product in the United States, including in this judicial District.

31.     Without the permission of Modelo or Crown, RR Importaciones has obtained, by misrepresentations under the penalty of perjury, a Certificate of Label Approval ("COLA") from the United States Alcohol and Tobacco Tax and Trade Bureau for the VICTORIA label shown below which features an unauthorized reproduction of the VICTORIA copyright and VICTORIA marks:



A true and correct copy of the RR Importaciones' COLA is attached to this Complaint as Exhibit C.

32.     RR Importaciones' COLA for VICTORIA mistakenly indicates that the producer of the VICTORIA beer it imports is "CERVECERIA MODELO, S.A. DE DE C.V." (incorrectly repeating "DE" in the name).

33.     Without the permission of Modelo or Crown, RR Importaciones has obtained by misrepresentations under the penalty of perjury a Certificate of Label Approval ("COLA") from the United States Alcohol and Tobacco Tax and Trade Bureau for the CERVEZA BARRILITO label shown below which features an unauthorized reproduction of the CERVEZA BARRILITO copyright and CERVEZA BARRILITO marks.



A true and correct copy of RR Importaciones' COLA for CERVEZA BARRILITO is attached to this Complaint as Exhibit D.

34.     Defendants have knowingly and willfully and without authorization copied the VICTORIA copyright and CERVEZA BARRILITO copyright and used such unauthorized copies to create unauthorized derivative works which Defendants have published and distributed as labels for beer.

35.     Defendants have knowingly and willfully and without authorization reproduced the VICTORIA marks and VICTORIA copyright to create stickers similar to the images in RR Importaciones' COLA which they then affix as labels to the Unauthorized Product.

36.     The Unauthorized Product is neither authorized nor intended for export outside of Mexico or for importation into or sale or distribution in, the United States.

37.     The Unauthorized Product that Defendants sell within the United States is materially different in many respects from the authorized VICTORIA beer authorized for sale in the United States.  These material differences include:

(a)    The Unauthorized Product does not comply with applicable labeling regulations.

(b)    The Unauthorized Product does not comply with the labeling standards followed by Crown in the United States.

(c)    The sale of Unauthorized Product in channels of trade different from Crown's authorized distribution channels impedes Crown's ability to exercise quality and safety control over the Unauthorized Product by, but not limited to: (i) preventing Crown from monitoring the Unauthorized Product for proper shipment and storage conditions; (ii) precluding Crown from properly distributing promotional collateral; and (iii) preventing Crown from rotating stale, damaged, or substandard quality Unauthorized Product off retail shelves.

(d)    There is a risk of deterioration to the Unauthorized Product due to the hazards and delay inherent in shipping the product outside its designated area of sale.

(e)    The bottles containing the Unauthorized Product sold by Defendants are of a type not available for sale in the United States.

(f)    The bottles containing the Unauthorized Product are different in that they contain a sticker which covers, but does not completely obscure the original painted VICTORIA beer label.  The stickers on the Unauthorized Product include additional text that creates a cluttered label that is less aesthetically appealing than the classic painted VICTORIA beer label.

11

(g)     The bottles containing the Unauthorized Product are re-usable bottles and are often scratched and have an appearance inferior to that of the new bottles used by Crown for its beer sold in the United States.

(h)     Defendants' marketing and sale of the Unauthorized Product in the United States conflicts with the advertising strategies and marketing plans of Crown and its authorized distributors.

38.     Crown objected to RR Importaciones' sale of the Unauthorized Product and use of the VICTORIA marks and VICTORIA copyright in writing prior to filing suit.  True and correct copies of Crown's letters to RR Importaciones' indicating Crown's objections are attached to this Complaint as Exhibit E.

39.     Defendants did not respond to Crown's objections and did not agree to settle this dispute or identify their sources for the Unauthorized Product thereby necessitating this suit.

40.     Crown has not authorized or consented to Defendants' importing, distributing, marketing, or selling of Unauthorized Product within the United States.

**COUNT I**
**Trademark Infringement in Violation of Section 32 of the Lanham Act**
**(Against all Defendants)**

41.     Crown repeats and incorporates the allegations set forth in Paragraphs 1-40 in this Count I as if fully set forth herein.

42.     Defendants' acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendants' Unauthorized Product in that purchasers and others in this District and elsewhere in the United States are likely to believe Crown authorizes and controls the sale of Defendants' Unauthorized Product in the United States or that Defendants are associated with or related to Crown.

12

43.     On information and belief, Defendants' acts have injured or are likely to injure Crown's image and reputation with consumers in this District and elsewhere in the United States by creating confusion about, and dissatisfaction with, Crown's VICTORIA beer and CERVEZA BARRILITO beer.

44.     On information and belief, Defendants' acts have injured or are likely to injure Crown's business reputation and relations with retail accounts in this District and elsewhere in the United States by causing customer dissatisfaction and a diminution of the value of the goodwill associated with the VICTORIA and CERVEZA BARRILITO marks.

45.     Defendants' sale of Unauthorized Product in this District and elsewhere in the United States is a deliberate, intentional, and willful attempt to injure Crown's business, to trade on Crown's business reputation, and the goodwill associated with the VICTORIA marks and CERVEZA BARRILITO marks, to confuse or deceive purchasers, and to interfere with Crown's business relationships with its retail accounts in this District and elsewhere in the United States.

46.     Defendants' acts constitute an infringement of the VICTORIA trademarks and CERVEZA BARRILITO trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     Defendants' acts greatly and irreparably damage Crown and will continue to damage Crown unless restrained by this Court; wherefore, Crown is without an adequate remedy at law.  Accordingly, Crown is entitled to, among other things, an order enjoining and restraining Defendants from selling Unauthorized Product.

**COUNT II**
**False Designation and Unfair Competition in Violation of Section 43(a) of the Lanham Act**
**(Against all Defendants)**

48.     Crown repeats and incorporates the allegations set forth in Paragraphs 1-47 in this Count II as if fully set forth herein.

49.     Defendants' acts constitute unfair competition with Crown in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Defendants' acts greatly and irreparably damage Crown and will continue to so damage Crown unless restrained by this Court; wherefore, Crown is without an adequate remedy at law. Accordingly, Crown is entitled to, among other things, an order enjoining and restraining Defendants from selling the Unauthorized Product.

**COUNT III**
**Unfair Competition in Violation of N.J.S.A. § 56:4-1**
**(Against all Defendants)**

51.     Crown repeats and incorporates the allegations set forth in Paragraphs 1-50 in this Count III as if fully set forth herein.

52.     Defendants' acts constitute unfair competition in violation of New Jersey Stat. § 56:4-1.

53.     Defendants' acts greatly and irreparably damage Crown and will continue to so damage Crown unless restrained by this Court; wherefore, Crown is without an adequate remedy at law.  Accordingly, Crown is entitled to, among other things, an order enjoining and restraining Defendants from selling the Unauthorized Product.

**COUNT IV**
**Unfair Competition in Violation of New Jersey Common Law**
**(Against all Defendants)**

54.     Crown repeats and incorporates the allegations set forth in Paragraphs 1-53 in this Count IV as if fully set forth herein.

55.     Defendants' aforesaid acts constitute unfair competition in violation of the common law of New Jersey.

56.     Defendants' acts greatly and irreparably damage Crown and will continue to so damage Crown unless restrained by this Court; wherefore, Crown is without an adequate remedy at law.  Accordingly, Crown is entitled to, among other things, an order enjoining and restraining Defendants from selling the Unauthorized Product.

**COUNT V**
**Trademark Infringement in Violation of New Jersey Common Law**
**(Against all Defendants)**

57.     Crown repeats and incorporates the allegations set forth in Paragraphs 1-56 in this Count V as if fully set forth herein.

58.     Defendants' aforesaid acts constitute trademark infringement in violation of the common law of New Jersey.

59.     Defendants' acts greatly and irreparably damage Crown and will continue to so damage Crown unless restrained by this Court; wherefore, Crown is without an adequate remedy at law.  Accordingly, Crown is entitled to, among other things, an order enjoining and restraining Defendants from selling the Unauthorized Product.

**COUNT VI**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**(Against all Defendants)**

60.     Crown repeats and incorporates the allegations set forth in Paragraphs 1-59 in this Count VI as if fully set forth herein.

61.     Modelo owns a valid and enforceable copyright in the VICTORIA copyright and CERVEZA BARRILITO copyright.

62.     Modelo has granted to Crown in the United States the exclusive rights in the VICTORIA copyright and CERVEZA BARRILITO copyright.  Despite having no rights to use, reproduce, display, publish, or create derivative works of or based upon the VICTORIA copyright and CERVEZA BARRILITO copyright, Defendants have infringed, induced, or contributed to the infringement of the VICTORIA copyright and CERVEZA BARRILITO copyright without permission.

63.     Defendants' unauthorized reproduction of the VICTORIA copyright and the CERVEZA BARRILITO copyright and the creation, reproduction, distribution, and display of unauthorized derivative works constitutes copyright infringement in violation of 17 U.S.C. § 501.

64.     Defendants' copyright infringement has been willful, knowing, and intentional.

65.     Defendants' acts greatly and irreparably damage Crown and will continue to so damage Crown unless restrained by this Court; wherefore, Crown is without an adequate remedy at law.  Accordingly, Crown is entitled to, among other things, an order enjoining and restraining Defendants from selling the Unauthorized Product.

**Prayer for Relief**

Crown respectfully requests that the Court enter judgment in favor of Crown and against Defendants on Counts I through VI of this Complaint, granting that:

1.     Defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with Defendants be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

a.     importing into, and the dealing, marketing, sale or distribution in the United States of beer manufactured or bottled in Mexico and meant for sale in Mexico, or any other foreign country, bearing the VICTORIA marks or the CERVEZA BARRILITO marks or the VICTORIA copyright or CERVEZA BARRILITO copyright;

b.     committing any acts calculated to cause the public to believe that Defendants' products are those sold under the control and supervision of Crown or Modelo;

c.     unfairly competing with Crown in the sale and offering for sale of VICTORIA beer;

d.     shipping, delivering, distributing, returning, or otherwise disposing of in the marketplace in any manner, the Unauthorized Product;

e.     using in connection with the sale of any goods a false description or representation including words or symbols tending to falsely describe or represent its products being Modelo or Crown products and from offering such goods in commerce without the consent

17

and approval of Crown;

f.     destroying any records documenting the manufacture, distribution, sale, or receipt of the Unauthorized Product; and

g.     assisting, aiding, or abetting any other person or entity to engage in or perform any of the activities referenced in subparagraphs "a" through "f" above.

2.     Defendants, and all others acting by, through, or under Defendants, be required, jointly and severally, to:

a.     account for and pay over to Crown all profits derived by Defendants from their acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and New Jersey common law, and Crown ask that this profits award be trebled in accordance with 15 U.S.C. § 1117(a) and New Jersey Stat. § 56:4-2;

b.     pay to Crown treble the amount of all damages incurred by Crown by reason of Defendants' acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and New Jersey Stat. § 56:4-2;

c.     account for and pay over to Crown damages from Defendants' acts of copyright infringement in accordance with 17 U.S.C. § 504;

d.     pay to Crown the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and 17 U.S.C. § 505;

e.   pay restitution to Crown, in accordance with the common law of the State of New Jersey, for all loss, damage, and injury caused by Defendants' acts;

f.   provide to Crown within three (3) days after the entry of an injunction, whether preliminary or permanent, a complete list of individuals and entities (including names, addresses, and other contact information) from whom it purchased and to whom it has distributed or sold the Unauthorized Products or any other products bearing the VICTORIA marks, VICTORIA copyright, the CERVEZA BARRILITO marks, or CERVEZA BARRILITO copyright.

g.   deliver up for destruction all of the Unauthorized Product in their possession, in accordance with 15 U.S.C. § 1118 and 17 U.S.C. § 503, and all products, packaging, prints, advertisements, publications, promotions, or other articles in their possession bearing the VICTORIA copyright or CERVEZA BARRILITO copyright, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same;

h.   compensate Crown for the advertising and other expenses necessary to rectify Defendant's infringement or to dispel any public confusion caused by Defendant's infringement;

i.   send a written notice to any existing customers that the importation, dealing in, sale, or distribution of the Unauthorized

19

Product in the United States without Crown's consent is unlawful and that Defendants have been enjoined by a United States District Court from doing so;

j.      surrender and cause to be cancelled the COLA approvals obtained by Defendant RR Importaciones for VICTORIA and CERVEZA BARRILITO;

k.      file with the Court and serve on Crown an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116; and

3.      Crown has such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Crown demands a trial by jury on all issues properly tried to a jury.

SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000

By: _/s/ Jeffrey J. Greenbaum____
    JEFFREY J. GREENBAUM
    *jgreenbaum@sillscummis.com*

    Arthur Gollwitzer III
    *agollwitzer@michaelbest.com*
    MICHAEL BEST & FRIEDRICH LLP

Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

***Attorneys for Plaintiff***

Dated:  June 30, 2017

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I,  counsel of record for plaintiff in the above-referenced matter, hereby certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000


By: */s/ Jeffrey J. Greenbaum*
    JEFFREY J. GREENBAUM
    *jgreenbaum@sillscummis.com*

    Arthur Gollwitzer III
    *agollwitzer@michaelbest.com*
    MICHAEL BEST & FRIEDRICH LLP
    Two Prudential Plaza
    180 N. Stetson Avenue, Suite 2000
    Chicago, Illinois  60601
    Tel:  (312) 222-0800
    Fax:  (312) 222-0818

    ***Attorneys for Plaintiff***

Dated:  June 30, 2017

## CERTIFICATION OF NONARBITRABILITY
## PURSUANT TO LOCAL RULE 201.1(d)

I, counsel of record for plaintiff in the above-referenced matter, hereby certify that the

relief requested in this matter includes non-monetary relief, and the damages potentially

recoverable in this matter exceed the sum of $150,000, exclusive of interest and costs and of any

claim for punitive damages.  Accordingly, Local Rule 201.1(d) does not apply to this matter.

I certify under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000

By:  */s/ Jeffrey J. Greenbaum*
   JEFFREY J. GREENBAUM
   *jgreenbaum@sillscummis.com*

   Arthur Gollwitzer III
   *agollwitzer@michaelbest.com*
   MICHAEL BEST & FRIEDRICH LLP
   Two Prudential Plaza
   180 N. Stetson Avenue, Suite 2000
   Chicago, Illinois  60601
   Tel:  (312) 222-0800
   Fax:  (312) 222-0818

   ***Attorneys for Plaintiff***

Dated:  June 30, 2017